UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Grega,                                                     Case No. 1:16-cv-0127

    Petitioner

v.                                                            MEMORANDUM OPINION
                                                                             AND ORDER

Brigham Sloan, Warden,

    Respondent

### BACKGROUND AND HISTORY

*Pro se* Petitioner John Grega filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. At the time he filed the Petition on January 19, 2016, Grega was incarcerated in the Lake Erie Correctional Institution, serving a four-year sentence for a community control violation. On January 20, 2016, the day after he filed this habeas petition, the Ohio Eighth District Court of Appeals vacated his sentence, and ordered him to be released. In his Petition, he contends that: (1) he was denied due process when he was held on a void order; (2) he received ineffective assistance of counsel; (3) there was insufficient evidence to support a finding that he violated community control requirements; and (4) he was subjected to cruel and unusual punishment because he was held without justification. He seeks release from incarceration.

Grega was indicted on one count of aggravated burglary, three counts of aggravated arson, and one count of arson in February 2012. *State v. Grega*, No. 103508, 2016 WL 234157, at *1 (Ohio Ct. App. Jan. 20, 2016). He subsequently pleaded guilty to one count of aggravated arson, and the remaining counts were dismissed. *Id.* The trial court sentenced Grega to five years of community control on May 9, 2012. *Id.* The judgment entry of sentencing, however, did not contain a

provision informing Grega that he would be subject to incarceration should he violate the community control sanctions[1]. *Id.*

Grega violated the terms of his community control release and on April 2, 2014, after a hearing, the trial court found Grega in violation of the community control sanctions. *Id.* The court continued community control sanctions, but modified the conditions to inpatient treatment at the Matt Talbott Recovery Center. *Id.* Again, the sentencing journal entry did not contain notification that Grega would be subject to incarceration should he violate the community control sanctions. *Id.*

Once again, Grega violated the terms of his community control sanction. *Id.* The court issued a capias for Grega, and on February 26, 2015, he was taken into custody. *Id.* On March 26, 2015, after a hearing, the trial court found Grega in violation of community control sanctions, terminated community control, and sentenced him to four years of incarceration. *Id.* Grega filed a motion to vacate the judgment sentencing him to prison, contending that the trial court was without jurisdiction to sentence him to prison because it never notified him, as required by R.C. 2929.19(B)(5) and 2929.15(B), that a prison sentence could be imposed for violation of community control sanctions. *Id.* The trial court denied the motion. *Id.* Grega appealed that decision. *Id.*

The Ohio Eighth District Court of Appeals agreed with Grega and reversed the trial court. *Id.* The Appellate Court remanded the case to the trial court with the instruction that Grega's sentence be vacated, and he be released from prison. *Id.* Grega filed a Notice of Change of Address with this Court on January 27, 2016, indicating he was residing on Mentor Avenue in Cleveland, Ohio.

## STANDARD OF REVIEW

As an initial matter, Grega indicates he filed his Petition under both 28 U.S.C. § 2254 and 28 U.S.C. § 2241. When a state prisoner files a petition under 28 U.S.C. § 2241 to challenge a state

---

[1] Although customarily referred to as "conditions" of release or supervision, Ohio uses the term "sanctions."

conviction or sentence, he does not evade the requirements imposed by § 2254. *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001); *see James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). A Petition for habeas relief is properly construed under § 2254 as long as the original cause of incarceration was the judgment of a state court. A prisoner also may bring an action pursuant to § 2241, but this change of statute does not change the nature of the action: Grega is challenging his incarceration on a community control sanction imposed by a state court. His Petition must be reviewed under § 2254.

A federal court may entertain a habeas Petition filed under 28 U.S.C. § 2254 by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "For federal habeas jurisdiction to exist under § 2254, therefore, a state prisoner must be held in state custody pursuant to a judgment—rather than, say, an indictment or criminal information." *Eddleman v. McKee*, 586 F.3d 409, 412-13 (6th Cir. 2009). The limitation placed on habeas Petitions means that, once the unconstitutional judgment is gone, or the Petitioner is released from custody for the conviction or sentence under attack, federal jurisdiction under § 2254 is also gone. *Id.* "The power to 'release' a prisoner under § 2254 normally is not a power to release him forever from the underlying charge. It is the power, instead, only to release him from custody pursuant to the unconstitutional judgment." *Id.* at 413.

## DISCUSSION

Here, Grega is no longer in custody under the sentence he challenged as unconstitutional. In fact, the Eighth District Court of Appeals agreed with Grega that the sentence was unconstitutional, reversed his sentence, and ordered the trial court to release him. The trial court complied with that order. I lack jurisdiction to entertain his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

## CONCLUSION

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, the Petition (ECF No. 1) is denied and this action is dismissed without prejudice

3

pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge